Opinion of the court delivered by
Judge Catron.
The supreme c.ourl at Nashville commenced its term the first Monday of January 1829; the Lincoln county court, the third Monday of January 1829. On the 12th January, Johnson recovered judgment against Garner, in the supreme court, on a record coming up from Lincoln ; on the 21st and 24th of January, two judgments were recovered in the Lincoln county court, by others against Garner.— On the county court’s judgments, executions were issued, and came to the sheriff’s hands the 6th February 1829; on the 9th February, an execution issued, and was put into the sheriff’s hands, upon the judgment rendered in the supreme court. All three of the executions were levied upon the personal property of Garner, which was advertised and sold by virtue thereof, producing a sum insufficient to discharge the three executions; and the sheriff now asks the directions of the court, which shall be first satisfied.
We are of opinion, and so direct, that the fieri facias grounded upon the oldest judgment, where writs issued fi’om different courts, bearing tests from the terms at which the judgments were rendered,- are entitled to the first satisfaction — in a case like the present, when the writs are levied upon the personal property of the com» *292 mon defendant, at the same time. The Stat. 29, Char. 2, 0 t • _ sec. Ó, is notin torce m I ennessee, and executions do relate to their teste, as in England before the passage of the 29 Char. 2, save some slight alterations by statute. The doctrine of relation is settled to exist in England, North Carolina and Tennessee, 10 Yiner Abr. execution (Aa.) 566. 2 Bac. Abr. execution (9) 733. 1 Leonard R. 364. Cro. El. 174. 4 East 533. 16 East 278. 1 Hay. Rep. 243. 2 Hay. Rep. 59, 236. 2 Hawk’s. Rep. 309. 3 Hawk’s Rep. 293. In Tennessee Peck’s Rep. 72.
Whether the execution relates to the first day of the term at which the judgment was rendered, it is not material to inquire, in this instance, as the supreme court judgment was rendered, and execution awarded before the term of the Lincoln county court commenced. The strength of the British authorities is, that the fieri facias could not relate behind the true date of the judgment thereby to overreach an alienation of the debtor of his personal property, before the judgment rendered. They say the writ shall bind from the time it was awarded — 10 Vin. 566. 2 Bac. Abr. 733. Cro. El. 174. 2 Showers 480.
What is an award of execution? To award, is to ad« judge, to give any thing by judicial sentence. As a verb, the term has no other definition. Our judgments, in terms, award execution, and are complete day after day as the orders are signed. To this date, at least, the execution, tested as of the term at which the judgment was rendered, relates, by the English and American authorities, the Stat. 29, Char. 2, aside, An execution tested of a term subsequent to the first at which the judgment was rendered, of course would relate to the first day of such subsequent term, because, that was the return day of the first writ— and herein has arisen, most probably, the confusion in the authorities, whether the writ related to the true date of the judgment, or the first day of the term — the state of facts, and date of the judgment, not sufficiently appearing by the reports of the cases. The true time of the relation, hoivever, we do not pretend to determine; where *293 a case shall arise between two conflicting creditors upon executions rendered by the same court, at the same term, on different days, and shall have been levied and sale made, as-on the two executions above issuing from the Lincoln county court, it will be time to decide this delicate and vexatious question.
F. B. Fogg, for the plaintiff, Johnson.
■Anderson and Gibbs, for the defendants.
It is objected that the execution of Johnson issued in term time by order of the court, was illegal, and therefore it should be postponed. It is true the clerk is not authorized to issue executions until after the rise of the court, because every judgment is subject to its control during the whole term; yet it is just as true, that the judgment is complete, when entered, and signed, and may be executed the same day by order of the court. Hutchinson vs. Johnson, 1 Term. Rep. 729. If improperly issued, the writ may be superceded by petition and motion.— Matters of practice are regulated by the courts, particularly in rendering effectual their judgments and decrees, by propriety and convenience. This court, by rule, has made the first day of July a return day for executions, issuing from the January term — last year the court adjourned over, sat until some time in June upon its own adjournment; previous to which, the executions, by order of the court, had issued on the judgments rendered at the first setting. Not to have done so would have defeated the executions, generally, because issued too late to have been executed.
The sheriff will apply the money produced by the sale of Garner’s property towards the satisfaction of Johnson’s execution.